1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                         SOUTHERN DISTRICT OF CALIFORNIA
10
11   MARY BOCHUM,                      )    Civil No. 08cv1014 L(CAB)
                                       )
12                  Plaintiff,         )    **ORDER GRANTING MOTION TO**
                                       )    **PROCEED *IN FORMA PAUPERIS***
13   v.                                )    **[doc. #2]; DISMISSING ACTION**
                                       )    **WITH PREJUDICE and**
14   JUDICIAL COUNCIL OF               )    **DIRECTING THE CLERK OF THE**
     CALIFORNIA; US BANK NATIONAL      )    **COURT TO CLOSE THIS CASE**
15   ASSOCIATION TRUSTEE;              )
     NOVASTAR,                         )
16                                     )
                    Defendants.        )
17   _____)

18        On June 5, 2008, Mary Bochum, appearing *pro se*, filed the above-captioned case.  Along

19   with the complaint, plaintiff seeks leave to proceed *in forma pauperis*.

20        **1.    Motion to proceed *in forma pauperis***

21        All parties instituting any civil action, suit or proceeding in a district court of the United

22   States, except an application for writ of habeas corpus, must pay a filing fee of $350.00  *See* 28

23   U.S.C. § 1915(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee

24   only if the plaintiff is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. §

25   1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  A party need not be

26   completely destitute to proceed *in forma pauperis*.  *Adkins v. E.I. DuPont de Nemours & Co.*,

27   335 U.S. 331, 339-40 (1948).  But "the same even-handed care must be employed to assure that

28   federal funds are not squandered to underwrite, at public expense, either frivolous claims or the

1  remonstrances of a suitor who is financially able, in whole or in material part, to pull his own

2  oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

3      Having reviewed plaintiff's motion and declaration in support of his motion to proceed *in*

4  *forma pauperis*,[1] the Court finds plaintiff is unable to pay the $350 filing fee from her Social

5  Security Disability Benefits.

6      **2.   *Sua sponte* screening pursuant to 28 U.S.C. § 1915(e)(2)(B)**

7      Notwithstanding the payment of any filing fee or portion thereof, a complaint filed by any

8  person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte*

9  review and dismissal by the court if it is frivolous or malicious, fails to state a claim upon which

10 relief may be granted, or seeks monetary relief from a defendant immune from suit.  28 U.S.C. §

11 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*).  When

12 reviewing complaints under 28 U.S.C. § 1915(e)(2)(B), the court must apply the standard of

13 review set forth in Federal Rule of Civil Procedure 12(b)(6).  *Barren v. Harrington*, 152 F.3d

14 1193, 1994 (9th Cir. 1998).

15      A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint.  *Novarro*

16 *v. Black*, 250 F.3d 729, 732 (9th Cir. 2001).  "A district court should grant a motion to dismiss if

17 plaintiffs have not pled 'enough facts to state a claim to relief that is plausible on its face.'"

18 *Williams ex rel. Tabiu v. Gerber Products Co.*, 523 F.3d 934, 938 (9th Cir. 2008), quoting *Bell*

19 *Atlantic Corp. v. Twombley*, 127 S. Ct. 1955, 1974 (2007).  "'Factual allegations must be enough

20 to raise a right to relief above the speculative level.'" *Id.*  "While a complaint attacked by a Rule

21 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to

22 provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and

23

24      [1]      The Court notes that Bochum's June 6, 2008 motion to proceed IFP in the present
25 case presents different information than that contained in her motion to proceed IFP in *US Bank National Association v. Belle*, 08cv880 L(WMC) that was filed on May 16, 2008.  For example, in the *Belle* matter, Bochum declares under penalty of perjury that the amount of her last take-
26 home salary was $400 per month but in the present case, Bochum declares that her last take-home salary was $200 per month.   Plaintiff now states that she has no checking account but in
27 the 08cv880 case, Bochum declares that she has a Wells Fargo checking account.  Plaintiff's inconsistencies are troubling particularly because of the brief time between the filing of the two
28 motions.  Nevertheless, the Court will grant plaintiff leave to proceed *in forma pauperis*.

a formulaic recitation of the elements of a cause of action will not do." *Twombley*, 127 S. Ct. at 1964-1965. Dismissal of a claim under Rule 12(b)(6) is appropriate only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or where the complaint presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir.1984). In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). But legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003).

The Court also may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless or nonsensical. A claim is frivolous if it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 109 S. Ct. 1827, 1831-32 (1989).

Further, if the court dismisses the complaint, it should grant leave to amend "'unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez*, 203 F.3d at 1130 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

### a.     Review Under Federal Rule of Civil Procedure 12(b)(6)

Although plaintiff filed the above-captioned case as a civil action, plaintiff seeks criminal charges against defendants. Plaintiff requests a "Special Grand Juries Investigation," and indicates that "THIS CRIMINAL COMPLAINT AND AFFIDAVIT OF INFORMATION/ TRUE BILL DOES NOT ARISE FROM THE SUBJECT MATTER OF ANY PREVIOUS DISPUTES IN CLASS ACTION." (Complaint at 2.) The complaint also states that "I, (Mary Bochum), the Complainant/Affiant in the instant matter, am reporting, by Affidavit of Obligation . . . all Respondents listed in below/ Malfeasants should be subjected to this Alien Tort Claim Act to the office of the California Attorney General believed to be the Competent Authorities to

1  which Knowledge of criminal action should be reported." *Id.*

2  Plaintiff asserts that "[t]his 'True Bill in Commerce' . . . is pursuant to 18 U.S.C. Section 4."  18

3  U.S.C. § 4 sets forth the criminal violation known as misprision of a felony:

> Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.

7  Plaintiff also raises claims for criminal fraud, 18 U.S.C. § 1001, and conspiracy.

8  (Complaint at 7.)  In her prayer for relief, plaintiff sets forth the "<u>Nature of the Crime</u>" with the

9  damages she is demanding. (Complaint at 13.)   Construing plaintiff's complaint liberally, the

10  Court must conclude that plaintiff is not asserting civil causes of action but rather is seeking

11  criminal charges against the defendants along with damages.

12  Plaintiff's civil complaint, however, cannot state a claim for violation of a criminal statute

13  as plaintiff attempts to do under 18 U.S.C. § 4.  Nor can plaintiff bring a criminal complaint with

14  respect to fraud under 18 U.S.C. § 1001 or criminal conspiracy.  These claims request criminal

15  charges that cannot be pursued in a civil action.  *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th

16  Cir. 1980); *see also, Lamont v. Haig*, 539 F.Supp. 552, 558 (D.S.D. 1982) (violation of federal

17  criminal statutes does not give rise to a civil cause of action); *Fiorino v. Turner*, 476 F. Supp.

18  962, 963 (D. Mass. 1979).  Neither plaintiff nor the court are authorized to file a criminal

19  complaint.  Whether to prosecute and what criminal charges to file or bring are decisions that

20  rest in the prosecutor's discretion. The conduct of criminal prosecution is an executive function

21  within the exclusive prerogative of the Attorney General.  *See United States v. Batchelder*, 442

22  U.S. 114, 124 (1979).

23  The caption of plaintiff's complaint includes a reference to the Alien Tort Claims Act and

24  plaintiff states that the "Respondents listed in below/ Malfeasants should be subjected to the

25  Alient Tort Claim Act."  (Complaint at 2.)   To state a claim under the ATCA, plaintiff must

26  allege (1) that she is an alien, *i.e.,* not a citizen of the United States (2) defendants committed a

27  tort against her, and (3) the torts were committed in violation of the law of nations or a treaty of

28  the United States.  28 U.S.C. § 1350.  Plaintiff has not pleaded facts asserting that she is an

1  alien.  *See* 28 U.S.C. § 1350; *Harbury v. Hayden*, 444 F. Supp.2d 19, 38 (D.D.C. 2006) (finding
2  a claim under the Alien Tort Claims Act unavailable to a U.S. Citizen).
3        Plaintiff invokes United Nations Resolution No. 26: The Universal Bill of Rights, and No.
4  53: Universal Freedom of Choice and other "invasions of international protocols."  (Complaint
5  at 13)..  Neither of these resolutions provides a civil cause of action for plaintiff.
6        Plaintiff also lists several Uniform Commercial Code sections but does not set forth any
7  allegations about those sections, and the sections plaintiff lists concern definitions, severability
8  and unauthorized signatures –  (Complaint at 13) – none of which provides a basis for a cause of
9  action.  To the extent plaintiff relies on the UCC to state a claim, she fails to do and such an
10  attempt is frivolous as a matter of law.
11        Finally, plaintiff names as a defendant the Judicial Council of California but does not
12  specify any factual allegations against the Judicial Council.  In any event, the Eleventh
13  Amendment of the United States Constitution bars suits which seek either damages or injunctive
14  relief against a state, an "arm of the state," its instrumentalities, or its agencies.  *Durning v.*
15  *Citibank*, N.A., 950 F.2d 1419, 1422-23 (9th Cir. 1991).  A suit against California's Judicial
16  Council is a suit against a state agency.  *Wolfe v. Strankman*, 392 F.3d 358, 364 (9th Cir. 2004).
17  As a result, the Judicial Council is immune from prosecution in the federal court and any claim
18  against it must be dismissed with prejudice.
19        Based on the foregoing, plaintiff's entire action will be dismissed for failure to state a
20  cognizable claim for relief.  Because plaintiff cannot amend the Complaint to assert criminal
21  claims or charges, the Court must dismiss this action with prejudice.
22              **b.    Review Under Federal Rule of Civil Procedure Rule 8**
23        In addition to dismissal under Rule 12(b)(6), plaintiff's complaint is subject to dismissal
24  under Federal Rule of Civil Procedure 8.  Under Rule 8, complaints are required to set forth (1)
25  the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim
26  showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  Rule 8 requires
27  only "sufficient allegations to put defendants fairly on notice of the claims against them."
28  *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir.1991); *see also Swierkiewicz v. Sorema*, 534 U.S.

1   506 (2002).  "Pleading[s] must be sufficiently intelligible for the court to be able to make out

2   one or more potentially viable legal theories on which the claimant might proceed, and it must

3   not be so vague or ambiguous that the opposing party cannot respond, even with a simple denial,

4   in good faith or without prejudice to himself."  CHARLES ALAN WRIGHT & ARTHUR R. MILLER,

5   FEDERAL PRACTICE AND PROCEDURE (2d ed.) § 1376.  When the factual detail is so sketchy that

6   the complaint does not provide the type of notice of the claim to which the defendant is entitled

7   under Rule 8, dismissal is proper.

8        Even if the factual elements of the cause of action are present, but are scattered

9   throughout the complaint and are not organized into a "short and plain statement of the claim,"

10  dismissal for failure to satisfy Rule 8(a)(2) is proper.  *McHenry v. Renne*, 84 F.3d 1172, 1178

11  (9th Cir.1996) (stating that a complaint should set forth "who is being sued, for what relief, and

12  on what theory, with enough detail to guide discovery" (emphasis added)).  Further, "[t]he

13  propriety of dismissal for failure to comply with Rule 8 does not depend on whether the

14  complaint is wholly without merit."  *McHenry,* 84 F.3d at 1179.  A complaint that fails to

15  comply with rules 8(a) and 8(e) may be dismissed with prejudice pursuant to Rule 41(b).  *See*

16  Rule 8; *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir.1981)).

17       Here, plaintiff's allegations are so vague, broad-sweeping and unintelligible that

18  defendants would not be fairly on notice of the claims against them.  *See Conley*, 355 U.S. at 47;

19  *Richmond v. Nationwide Cassel L.P.*, 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with

20  vague and scanty allegations fails to satisfy the notice requirement of Rule 8).  Plaintiff does

21  nothing more than offer a wide array of disconnected concepts unattached to any specific factual

22  allegations.  In order to obtain compensation based on a civil cause of action, a plaintiff must

23  articulate viable, legally recognized claims against the defendants.  Because of plaintiff's failure

24  to comply with Rule 8, in addition to her failure to state a claim under Rule 12(b)(6), the Court

25  will dismiss the complaint based on Rule 8.

26       **3.    Conclusion**

27       Plaintiff's complaint suffers from the fatal error of seeking criminal charges in a civil

28  complaint.  Neither the court nor plaintiff can file criminal charges.  Although named as a

1   defendant, plaintiff makes no allegations against the Judicial Council, which is also immune

2   from suit.  Plaintiff's references to United Nations resolutions and the Alien Tort Claim Act are

3   frivolous as a matter of law.  Additionally, plaintiff's random, stream-of-consciousness

4   statements referring to various laws do not provide any factual basis for any claim.  As a result,

5   plaintiff fails to meet the minimal standards of Rule 8.  Because there is no cure for plaintiff's

6   complaint, leave to amend will be denied and the action dismissed with prejudice.

7          Based on the foregoing, **IT IS ORDERED granting** plaintiff's motion to proceed *in*

8   *forma pauperis.*  **IT IS FURTHER ORDERED dismissing** this action with prejudice for failure

9   to state a claim under Rule 12(b)(6).  The Clerk of the Court is directed to close this case.

10          **IT IS SO ORDERED**.

11   DATED:  June 23, 2008

12                                              _____
                                                M. James Lorenz
13                                              United States District Court Judge

14

15

16   COPY TO:

17   HON. CATHY A. BENCIVENGO
     UNITED STATES MAGISTRATE JUDGE
18

19   ALL PARTIES/COUNSEL

20

21

22

23

24

25

26

27

28

                                               7                                      08cv1014